IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for Acorn Technology Fund, L.P. | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 03-5982 |
| | : | |
| v. | : | |
| | : | |
| RICHARD D. PROPPER, et al., | : | |
| | : | |
| Defendants. | | |

**OPINION AND ORDER**

Slomsky, J.                                                                                      March 5, 2009

**I. Introduction.**

Before the Court are Cross-Motions for Summary Judgment. Plaintiff U.S. Small Business Administration ("SBA"), as Receiver for Acorn Technology Fund, L.P. ("Acorn"), has filed a Motion for Summary Judgment against Defendant Daniel Beharry (Doc. No. 108). Defendant Beharry has also filed a Motion for Summary Judgment and/or Reconsideration (Doc. 109), which the Court will decide along with Plaintiff's Motion for Summary Judgment.

On October 2, 2008, the Court (Giles, J.) issued a Memorandum Opinion in which Judge Giles held that other defendants in this case, six individuals and Acorn Connecticut Investments, L.P. ("ACI"), are liable to Receiver for their collective capital commitments made to Acorn about ten years ago. (See Doc. No. 90). The Court entered judgment against each individual Defendant for a specific amount and against Defendant ACI in the amount of $1,161,333.33, plus interest accrued at $183.56 a day after July 15, 2008. The six individual Defendants were limited partners or general partners of ACI, each of whom made a commitment to contribute funds to Acorn. Defendant Beharry did not

make an individual commitment, but he was the general partner of ACI. The issue presented here in the Motions for Summary Judgment is whether Beharry, as the General Partner of ACI, is jointly and severally liable for the judgment entered against ACI on October 2, 2008 by Judge Giles.

Receiver did not move for Summary Judgment against Defendant Beharry prior to the October 2, 2008 decision, and the Court (Giles, J.) did not specifically address Defendant Beharry's Motion for Summary Judgment. Therefore, on December 29, 2008, this Court entered a Scheduling Order requesting that the parties file Motions for Summary Judgment in order to decide Defendant Beharry's liability, if any. The present Motions before the Court were filed pursuant to that Scheduling Order. For reasons that follow, the Court grants Receiver's Motion for Summary Judgment, concluding that Defendant Beharry is jointly and severally liable for the October 2, 2008 judgment against ACI, and denies Defendant Beharry's Motion for Summary Judgment.

## II. General Background.

The Court (Giles, J.) set forth in detail the facts relevant to this case in its October 2, 2008 Opinion. Therefore, this Court will explain the current posture of this case as it involves Defendant Beharry. (See Doc. No. 90). In June 1998, Acorn applied for a license from the SBA to operate as a Small Business Investment Company ("SBIC") pursuant to the Small Business Investment Act of 1958 ("the SBIC Act").[1] Acorn was a New Jersey limited partnership formed in September 1997. ACI was a Connecticut limited partnership formed by Daniel Beharry in January 1999 for the specific purpose of investing in Acorn. As noted, Defendant Beharry was the general partner of ACI.

---

[1] The SBIC Act is codified, as amended, at 15 U.S.C. § 661 et seq. Its corresponding regulations are codified at Part 107 of Title 13 of the Code of Federal Regulations, 13 C.F.R. § 107.20 et seq.

Under Acorn's Subscription Agreement, each investor in Acorn "irrevocably subscribe[d] for and agree[d] to purchase the dollar amount . . . indicated on the signature page" of the Agreement in exchange for a limited partnership interest. (Subscription Agreement § 1.1, Rec. Ex. A at 001-03022) (emphasis added).[2]   The parties to the Subscription Agreement agreed that the Agreement "contain[ed] the entire agreement of the parties, and there [we]re no representations, covenants or other agreements except as stated or referred to herein." (Subscription Agreement § 3.5, Rec. Ex. A at 001-03027).

John Torkelsen was President and Manager of Acorn's general partner, Acorn Technology Partners, LLC ("ATP"). Torkelsen was the person who made most key decisions for Acorn, including the decision to apply for the SBA license to have Acorn operate as an SBIC. On January 13, 1999, Torkselsen sent a letter to Beharry ("ACI Letter"), stating that if ACI became delinquent in its contributions, "the exclusive remedy available to the General Partner and [Acorn] will be to terminate the right of ACI to make further capital contributions" to Acorn, and Acorn would no longer be able to invoke any of the four remedies otherwise available under Acorn's Limited Partnership Agreement ("LPA"). (LPA § 3.4.2; ACI Letter, Def. Ex. L at 001-06084). The letter was written on ATP letterhead and signed by Torkelsen. (Id.).

In June 2001, ACI defaulted on its obligation, made pursuant to the Signature Page attached to the Subscription Agreement, to contribute capital to Acorn. Acorn was ultimately unprofitable, and the SBA alleged that Acorn had committed fraudulent acts which caused "serious detriment to [its] position" as a guarantor or investor. (See Civil Action No. 03-0070). In January 2003, the

---

[2] Receiver's exhibits identified by "letters" refer to the exhibits attached to its original Motion for Summary Judgment against the other Defendants. See Doc. No. 77.

United States commenced suit against Acorn. <u>U.S. v. Acorn Technology Fund, L.P.</u>, Civil Action No. 03-0070. On January 17, 2003, the Court (Giles, J.) placed Acorn in Receivership and appointed the SBA as Receiver for Acorn. On October 29, 2003, Receiver brought an action against ACI and the individual Defendants in this case to recover the unfunded commitments. Defendants collectively argued that their capital commitments were terminated under the ACI Letter. On October 2, 2008, the Court (Giles, J.) ruled that the ACI Letter was invalid because it was not approved by either Acorn or the SBA. (<u>See</u> Doc. No. 90). Accordingly, ACI and individual Defendants were liable for the amount they had committed to fund Acorn. As noted above, the Court must now decide whether Beharry, as the general partner of ACI, is jointly and severally liable for the judgement entered against ACI on October 2, 2008 by Judge Giles.

### III. The Summary Judgment Standard.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In examining both motions, we must view the facts in the light most favorable to the nonmovants and draw all reasonable inferences in their favor. <u>InterVest, Inc. v. Bloomberg, L.P.</u>, 340 F.3d 144, 159-60 (3d Cir. 2003).

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). Once the movant has done so, the opposing party cannot rest on the pleadings. To defeat summary judgment, the party must come forward with probative evidence establishing the prima facie elements of its claim. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmovant must show

-4-

more than the "mere existence of a scintilla of evidence" for elements on which it bears the burden of production. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An inference based upon speculation or conjecture does not create a material fact. Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir.1990).  On cross-motions for summary judgment, the standard of review does not change.  Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968). Each moving party must independently show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Id.; see Fed. R. Civ. P. 56.

·

## IV. Discussion

In his Opinion dated October 2, 2008, Judge Giles held ACI and six individuals who had made capital commitments to Acorn liable to the Receiver for the amount of their unfunded capital commitments. This Court will adopt and follow Judge Giles' Opinion of October 2, 2008 under the law of the case doctrine, which provides that "when a court decided upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).[3]  Therefore, for purposes of this Opinion, ACI's liability is already determined.  Given ACI's liability, the only question that remains here is whether Defendant Beharry is jointly and severally liable as ACI's general partner for the judgment filed against it.

The Court finds that Beharry is jointly and severally liable to the Receiver for the October 2, 2008 judgment against ACI.  The Court reaches this conclusion by determining that (1) Connecticut

---

[3] The law of the case doctrine is flexible and is meant to govern the exercise of a court's discretion, not to restrict its power.  See In re City of Philadelphia Litig., 158 F.3d 711, 718 (3d Cir. 1998).  While this Court is not bound by Judge Giles' ruling if it was clearly erroneous, this Court agrees with Judge Giles' October 2, 2008 decision and applies its holding.

law applies to the present action; (2) under Connecticut law, a general partner is liable for debts of the partnership; and (3) the affirmative defenses raised by Beharry are without merit.

## A. Connecticut Law Applies to the Present Action

The first issue raised is a choice of law question: which state's law should be applied in deciding Defendant Beharry's liability.  Defendant Beharry has previously argued that New Jersey law should apply in determining his liability because the Court applied New Jersey law in this case in determining liability of the other individual Defendants and ACI.  (See Doc. No. 100).  While Defendant Beharry does not appear to reassert this argument in his Motion for Summary Judgment and/or Reconsideration (Doc. No. 109), he does contest his liability under both New Jersey and Connecticut law.  Receiver alleges that Connecticut law applies here, but also argues that Beharry's conduct renders him liable for the judgment against ACI, regardless of which state's law applies.

Acorn is a New Jersey limited partnership, governed by New Jersey law.  (See Doc. No. 17 at p. 5).  The Court (Giles, J.) previously ruled that ACI's Subscription Agreement with Acorn should be construed pursuant to New Jersey law, because it so provides.  (See Doc. No. 90 at p. 8).  However, ACI itself is a Connecticut Limited Partnership governed by Connecticut law.  (See ACI LPA, Receiver Ex. 2, at p. 01432).  Defendant Beharry's potential liability in this action derives from his status as ACI's general partner.  Therefore, the Court is persuaded that Connecticut law applies.[4]

_____

[4] Moreover, New Jersey's choice of law rules dictate that a corporation's state of incorporation governs its internal affairs.  See Fagin v. Gilmartin, 432 F.3d 276, 282 (3d Cir. 2005).

**B. Beharry is Liable for the Judgment Against ACI**

Under Connecticut law, a general partner is liable for the debts of the partnership.[5] The Court

in Connecticut Nat'l Bank v. Norwalk Factory Outlet Ltd. Partnership explained the analysis under

Connecticut's Uniform Limited Partnership Act:

> Conn. Gen. Stats. § 34-17(b) provides that "a general partner of a limited partnership
> shall have the liabilities of a partner in a partnership without limited partners to
> persons other than the partnership and the other partners." All partners are jointly
> liable for all debts and obligations of the partnership. Conn. Gen. Stats. § 34-53.
> Accordingly, a general partner of a partnership who has defaulted in payment under
> a debt is liable thereunder to the same extent as the partnership.

1993 Conn. Super. LEXIS 383, at *2-3 (Conn. Super. Ct. Feb. 8, 1993) (citing Dayco Corp. v. Fred

T. Roberts & Co., 472 A.2d 780, 785 (1984)).

Once the partnership's liability is established, the only remaining issue to resolve is whether

the defendant was in fact a general partner. Id. at *7-8. It is uncontested that Beharry was ACI's

general partner at all times relevant to this lawsuit, which renders him jointly and severally liable for

ACI's debt to Receiver. See id; Beharry Declaration, Ex. 2 to Doc. No. 79, at 1, ¶ 3; Conn. Gen. Stat.

---

[5] Even if New Jersey law applied to Defendant Beharry here, he still would be liable.
Under New Jersey law, "all partners are liable jointly and severally for all obligations of the
partnership unless otherwise agreed by the claimant or provided by law." The only exceptions
are when the liability was incurred before the person's admission as general partner and in the
case of a limited liability partnership. N.J. Stat. § 42:1A-18. It is undisputed that Defendant
Beharry was a general partner at the time ACI defaulted on its capital commitments and that ACI
is a limited partnership, not a limited liability partnership. Defendant Beharry argues that under
New Jersey law, partnership assets must be satisfied before proceeding against a general partner.
However, the cases he cites rely on N.J. Stat. § 42:1-15, which was repealed in favor of N.J.
Stat.§ 42:1A-18. N.J. Stat.§ 42:1A-18 provides for "joint and several" liability instead of only
"joint" liability of general partners for partnership debts, so the Receiver may proceed against
Beharry without first attempting to collect funds from ACI. Id.

§ 34-327(a).[6]

Defendant Beharry argues that before he can be held liable, Receiver must establish that ACI is incapable of satisfying the judgment in full. However, Defendant provides no authority for this proposition, and Connecticut law provides to the contrary. See Connecticut Nat'l Bank, 1993 Conn. Super. LEXIS 383, at *3 ("The defendants assert that the chain of liability of a partner for its partnership's debts must be severed at the first and second tiers . . . However, § 34-53 expressly provides that all partners are jointly liable for all debts of the partnership."). As Beharry is a general partner, he is jointly and severally liable for ACI's debt, and Receiver has no burden to establish that ACI cannot satisfy the judgment before proceeding against him.

## C. Beharry's Affirmative Defenses Lack Merit

Defendant Beharry raises a number of affirmative defenses to support his claim that he should not be held jointly and severally liable for ACI's debt. Essentially, he argues that even if the ACI Letter did not constitute a binding obligation on Acorn, the provision in the ACI Letter limiting liability should apply to him because of the affirmative defenses available to him. The affirmative defenses include promissory estoppel, fraud in the inducement, and antecedent breach. ACI already raised these affirmative defenses, and they were rejected by the Court (Giles, J.) in the October 2, 2008 Opinion. The reasons for rejecting these affirmative defenses apply equally to Defendant Beharry.

---

[6] Additionally, Defendant Beharry has participated in all aspects of the defense of this action. Therefore, he had notice of Receiver's case against ACI and his potential liability pursuant to that action.

-8-

Judge Giles held that Defendants did not show that their capital commitments were subject to any condition breached by Receiver. (See Doc. No. 90). Defendant Beharry is subject to this finding against ACI. Defendant Beharry also argues that the SBA, acting as Receiver for Acorn, "stands in its shoes." He then attempts to impute Torkelsen's errors and omissions allegedly made on behalf of Acorn to Receiver and claims that Beharry is excused from liability because of "Receiver's" wrongdoing. However, these attempts to impute Torkelsen's missteps to Receiver have already been rejected, even when Acorn, in whose place Receiver stands, was actually a party to an agreement. See USA v. Acorn Technology Fund, L.P., 295 F. Supp. 2d 294 (E.D. Pa. 2003); SBA as Receiver for ATF v. Barrack, 429 F.3d 438, 447 (3d Cir. 2005). Finally, Beharry attempts to avoid liability under the terms of the ACI Letter. As noted, Acorn was not a party to the ACI Letter. Therefore, Beharry's liability could not be excused because of Torkelsen's promises to Beharry in the ACI Letter. The terms of the ACI Letter cannot be imputed to Receiver.

Defendant Beharry's promissory estoppel and fraud in the inducement claims are predicated on the existence of a promise by Acorn in the ACI Letter that Acorn's remedies would be limited and that there was reasonable reliance on that representation. Neither assertion can be tenably claimed, as explained in Judge Giles' Opinion. (See Doc. No. 90). The promise in the ACI Letter was made by Torkelsen, not Acorn. Defendant Beharry, like the other Defendants, knew or should have known that Torkelsen had no authority to release Defendants of their capital commitments made pursuant to the Subscription Agreement without prior SBA approval. As Receiver argues, Defendant Beharry "stood in even a better position to ascertain the illegitimacy of Torkelsen's illegal promises because Beharry himself was a principal contact with the Torkelsens, had knowledge of [the ACI Letter's] non-disclosure and non-approval by SBA, and even had multiple opportunities to disclose the secret

'conditions' of ACI's investment directly to SBA." (Receiver Brief at 10). Therefore, none of the affirmative defenses asserted by Beharry relieve him of his joint and several obligation for ACI's debts.

## V.  Conclusion.

For the foregoing reasons, the Court grants Receiver's Motion for Summary Judgment and denies Defendant Beharry's Motion for Summary Judgment and/or Reconsideration.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE U.S. SMALL BUSINESS<br>ADMINISTRATION,<br>as Receiver for Acorn Technology Fund, L.P. | : | CIVIL ACTION |
| Receiver, | : | NO. 03-5982 |
| v. | : | |
| RICHARD D. PROPPER, et al., | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 5th day of March, 2009, upon consideration of Receiver's Motion for Summary Judgment (Doc. No. 108), Defendants' Motion for Summary Judgment and/or Reconsideration (Doc. No. 109), and the respective Responses, it is hereby ORDERED that Receiver's motion is GRANTED and Defendant's motion is DENIED for the reasons set forth in the attached Opinion.  Accordingly, judgment is entered in favor of Plaintiff Receiver and against Defendant Beharry on all counts in the amount of **$1,161,333.33**, plus accrued interest at $183.56/day after July 15, 2008.  It is further ORDERED that the Clerk of Court shall close the case.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.

-11-